Chief Justice Roiieetson,
delivered the opinion of the court.
Tins is a suit in chancery. John Mosely alleges* in his bill, that on a settlement of various accounts and demands, between Robert Mosely and Nathaniel Wickliife and Martin A. Wickliife, the-former executed to the two latter, his note for ,$833 32 cents, in consideration of which the obligor sold to the obligees some slaves, which it was understood, that he might re-purchase for the same price. That afterwards, he (J. Mosely) agreed to pay the amount of the debt . due by R. Mosely, and for securing which, the said slaves had been delivered to the obligees; that, supposing that $833 32 was the amount justly due, he executed his note for that sum, and took the slaves, under an agreement, that if any mistake had occurred in the settlement with R. Mosely, it should be corrected.
_» .That he had ascertained, that through mistake, the. noté ftir $833 32 cents, was for $231 18 cents, more than R. Mpsely owed the obligees; but that they refus-.ecU’o correct 0ae error or allow a credit on his (J. Mosely’s) note. He, therefore, prayed for, and obtained an -injunction for the amount of the alleged mistake.
The plaintiffs in error, who were the only defend-, ants dp-ftot respond to the allegation of mistake, and therefore, virtually admit it. But they insist, that the defendant in error has no right to claim the amount of the error, if one had occurred; and deny that they ever agreed to correct it.
The depositions R* Mosely, and tire surety in the injunction bond, which were the only ones taken, were, rejected as incoirvpetcnt; and on the bill and answer, £[ie circuit court perpetuated the injunction
The rejec-¿e(j depositions would, if they had been admissible, have proved all the essential allegations of the bill.
But these depositions were properly rejected, and therefore, the only question for consideration is, whether the decree can be sustained by the bill and answers?
On settlement °f accounts andB6there is a ba’lance against B, and note^b^that3 amount to A; *here w.as a the setüc-n ment, Cisen-titled to re-far as a ’ex-anoí which wasdu?. J
Wickliffe and Wooley, for plaintiff; Sanders for Defondant.
That the allegations of the bill, if true, entitle the defendant to a perpetuation of his injunction, we cannot doubt. We consider then, all as admitted, in effect, excepting only, that which charges the agreement to correct mistakes.
If, as is virtually admitted, the alleged error exist, and the defendant assumed to pay only what R. Mosely actually owed; he is entitled to a credit for whatever his note to the plaintiffs exceeds, in amount, the debt •which R. Mosely really owed them. And, as to this extent, the consideration failed, the defendant is enti-tied, so far, to relief. It is immaterial, whether the plaintiff agreed that the error should be corrected. Without any such express contract, they are bound in conscience and by law, to correct the error; according to the allegations of the bill and which are not denied, the defendant, and not R. Mosely, is the proper person to seek the correction. ‘
If the plaintiffs in errorjbe perpetually injoinedfrom collecting the amount of the alleged mistake, R. Mosely can never have- any claim on them.
Decree affirmed.